IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Petitioner,

vs.

GAGE COUNTY, NE,

Respondent.

**8:22CV358**

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On January 17, 2023, the Court entered a Memorandum and Order instructing Petitioner that his Petition for Writ of Habeas Corpus, Filing No. 1, was deficient because it was not signed under penalty of perjury, nor did it substantially follow the "form appended to [the Rules Governing Section 2254 Cases in the United States District Courts], or a form prescribed by a local district-court rule." Filing No. 8 at 1 (citing Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts). The Court gave Petitioner until February 17, 2023, to cure these deficiencies or face dismissal of this matter without further notice. Filing No. 8 at 2. The Court sent Petitioner a copy of the Form AO 241 and encouraged Petitioner to use the form to cure the deficiencies in his original Petition. Filing No. 8 at 2.

Petitioner did not attempt to file an amended petition or form but filed a three-page letter, Filing No. 9, and an eight-page response, Filing No. 10, each asserting that limited access to postage prevented him from filing the sixteen-page Form AO 241. The Court cannot excuse the deficiencies in the Petition based solely on Petitioner's limited access to postage. Moreover, although Petitioner claims to have limited access to postage, the Court takes judicial notice that he continues to file documents by mail in this case and

several other cases pending before this Court. *See, e.g., Lightfeather v. Condon et al.*, Case No. 8:22-cv-388, Filing Nos. 9, 10, 11; *Lightfeather v. Woods*, 8:21-cv-115, Filing Nos. 41, 42, 43, 44, 46. Thus, the Court understands Petitioner's argument to mean that while he can send documents for filing by mail, he cannot do so above a certain page limit.

If this is so, the Court will grant leave to Petitioner to submit a single filing in multiple mailings. Thus, for example, if Petitioner chooses to file the sixteen-page Form AO 241, he may send the first eight pages in an envelope marked "1 of 2" and the next eight pages in an envelope marked "2 of 2." The Clerk's office will then file all sixteen pages together as a single document.

IT IS THEREFORE ORDERED:

1. By **April 24, 2023**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged to use the enclosed official Form AO 241. Petitioner may submit his amended filing in multiple mailings consistent with the instructions in this Memorandum and Order. To avoid confusion, any document Petitioner sends to the Clerk of Court for filing in this case must clearly display the case number. Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

2. The Clerk of the Court is directed to send to Petitioner an additional Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

3. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **April 24, 2023**: Check for amended petition.

Dated this 23rd day of March, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge